UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRIAN T. EGGLESTON,

    Petitioner,

v.

MARGARET GILBERT,

    Respondent.

CASE NO. 3:16-CV-05159-RBL-DWC

ORDER TO FILE SUPPLEMENTAL STATE COURT RECORD

The District Court has referred this action filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Petitioner Brian T. Eggleston filed his federal habeas Amended Petition seeking relief from a state court conviction. *See* Dkt. 6. In the Amended Petition, Petitioner raises the following seven grounds: (1) the trial court excluded videos made by the State of its own officers showing what occurred – evidence consistent with the defense theory; exclusion of this exculpatory evidence violated the right to present a defense; (2) the trial court excluded other exculpatory evidence in violation of the right to present a defense; (3) Petitioner was denied his constitutional right to effective assistance of counsel at trial when counsel failed to challenge the reliability and admissibility of the State's reconstruction testimony; (4) the trial court

excused Deputy Garn from attending trial, and allowed the State to read his prior testimony, due to his alleged but unproven inability to testify without becoming angry, violent, and unpredictable; this violated the federal confrontation clause; (5) the State failed to disclose material and exculpatory evidence about two raid officers in violation of Petitioner's right to due process under the Fifth and Fourteenth Amendments; (6) Petitioner was denied his constitutional rights to a fair and impartial jury when a juror was intimidated by a State's witness and where a juror was exposed to extraneous information about the case during the trial through a local newspaper; and (7) the State failed to disclose material, exculpatory information about Steve McQueen, a critical State's witness. *Id*.

Respondent filed an Answer to the Amended Petition with the relevant state court records. Dkt. 25, 27, 32. In the Answer, Respondent quotes portions of a state court decision that relies on video reenactments of the crime scene and shooting. *See* Dkt. 25, p. 33. Petitioner filed a Response, wherein he stated he would attempt to reach an agreement with Respondent regarding production of the videotapes, which are part of the state court record. Dkt. 35, p. 3, n. 3.

The Court has reviewed the state court decision and finds the state court reviewed three videotapes in deciding Ground 1. Dkt. 27, Exhibit 4, p. 30. Specifically, the state court stated, "A review of the three videotapes at issue shows . . ." *Id*.

Without all relevant portions of the state court record, the Court cannot meaningfully review the state court's decision and determine if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); *see Nasby v. McDaniel*, 853 F.3d 1049, 1054 (9th Cir. 2017) ("Regardless of what documents the parties originally submit, it is the district court's independent

ORDER TO FILE SUPPLEMENTAL STATE
COURT RECORD - 2

obligation to obtain the relevant portions of the record."). Here, the Court reviewed the portions of the state court record filed by Respondent. The Court does not find videotapes have been produced as part of the relevant state court record. *See* Dkt. 27, 32.

As the Court must have all relevant portions of the record to meaningfully review the state court's decision, the Court orders the following:

Respondent is directed to file, on or before May 11, 2018, a copy of the three videotapes reviewed by the state trial court which depict a reenactment of the crime scene and shooting.

The Court will not accept additional briefing in this matter at this time.

The Clerk of Court is directed to re-note the Petition for consideration for May 11, 2018.

Dated this 10th day of April, 2018.

*(signature)*
David W. Christel
United States Magistrate Judge