UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN T. EGGLESTON,<br><br>               Petitioner,<br><br>   v.<br><br>MARGARET GILBERT,<br><br>               Respondent. | CASE NO. C16-5159 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 42, and Petitioner Brian Eggleston's ("Eggleston") objections to the R&R, Dkt. 44.

On August 24, 2018, Judge Christel issued the R&R upon review of Eggleston's federal habeas petition recommending that the Court (1) deny grounds 1, 2, 4, and 6 on the merits, (2) deny grounds 3 and 5 as voluntarily withdrawn, and (3) deny ground 7 as unexhausted and procedurally barred. Dkt. 42. On September 7, 2018, Eggleston filed objections. Dkt. 44. On September 27, 2018, the State responded. Dkt. 45.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

As a threshold matter, most of Eggleston's objections are based on what the law should be. Even if the Court agreed with Eggleston, Congress mandated and the Supreme Court has instructed the lower courts to review whether the state court adjudicated an issue that conflicts with "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 380 (2000) ("It is perfectly clear that . . . federal habeas courts [should] deny relief that is contingent upon a rule of law not clearly established at the time the state conviction became final."). Having stated that, the Court will address Eggleston's arguments. Eggleston does not object to the R&R's conclusions regarding claims 4 and 7. Therefore, the Court adopts the R&R on these claims and will address the objections as to the other claims.

**A.     Grounds 1 and 2**

In grounds 1 and 2, Eggleston asserts that his right to a fair trial was violated when the trial court excluded various pieces of evidence. Eggleston begins by stating principles at a high level of generality. For example, Eggleston asserts that the Constitution guarantees "defendants the right to present evidence in their favor." Dkt. 44 at 5. Eggleston then argues, without citing a single Supreme Court decision, that the trial court's exclusion of video tapes violated that general constitutional right. *Id.* at 6–9. He contends that "no court has ever viewed [his] constitutional claim from the required point of view—it's [sic] value to the defense." *Id.* at 9. The Court is unaware of and Eggleston

fails to cite any Supreme Court decision that clearly establishes his entitlement to have a court review excluded evidence solely from the perspective of the evidence's value to the defense.

Instead, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006). "Plainly referring to rules of this type, we have stated that the Constitution permits judges to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues." *Id.* at 326–27 (internal quotations and citations omitted). Under these standards, Judge Christel concluded that the state court's determination that the trial court did not abuse its discretion by excluding various pieces of evidence after weighing relevant factors was not contrary to or an unreasonable application of clearly established federal law. Dkt. 42 at 15–39. Although Eggleston objects to this conclusion, he fails to establish that it is erroneous. Moreover, Judge Christel specifically and thoroughly addressed every evidentiary issue Eggleston presented. In light of the R&R's thoroughness and Eggleston's failure to identify Supreme Court precedent supporting his objections, the Court need not add additional analysis. Therefore, the Court adopts the R&R on grounds 1 and 2.

**B.     Ground 6**

Eggleston asserts that his right to a fair and impartial jury was denied because (1) a juror was intimidated by one of the State's witnesses, and (2) a juror was exposed to

extraneous information about the trial. Judge Christel recommends that the Court deny this ground on the merits. Dkt. 42 at 45–54. Eggleston objects on numerous grounds. First, he contends that he is entitled to de novo review on this claim because the state court left the issue unresolved. Dkt. 44 at 15–16. Eggleston, however, misrepresents the record. The state failed to reach the merits of the claim because Eggleston offered only hearsay in support of his position. Dkt. 42 at 46. Rejecting a claim that is not supported by admissible evidence is not contrary to or an unreasonable application of clearly established federal law. Therefore, the Court adopts the R&R on the issue of declining to engage in a de novo review.

Second, Eggleston argues that he is entitled to an "evidentiary hearing so that he can compel answers on the subject." Dkt. 44 at 16. In other words, he seeks an evidentiary hearing so that he can potentially obtain admissible evidence in support of his claim. Eggleston provides no authority for the proposition that he is entitled to an evidentiary hearing simply because he lacks admissible evidence. Instead, the R&R sets forth the proper standard and what a petitioner must establish before a court may hold an evidentiary hearing. Dkt. 42 at 47. Eggleston fails to meet his burden on any of the available avenues to a hearing. Therefore, the Court adopts the R&R on the denial of an evidentiary hearing.

Finally, Eggleston argues that the Court should expand the record under Rule 7 of the Rules Governing Section 2254 Cases. Dkt. 44 at 19. This rule enables "the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." Advisory Committee Notes, Rule 7, 28

U.S.C. foll. § 2254; *see also Blackledge v. Allison*, 431 U.S. 63, 81–82 (1977). Eggleston has failed to establish that his petition should not be dismissed on the pleadings. Moreover, it appears that Eggleston seeks leave of Court to conduct discovery, which is provided in Rule 6 of the Rules Governing Section 2254 Cases. The Court finds that it is too late in this proceeding to consider leave to conduct discovery based on one sentence in his objections. Therefore, the Court denies this request.

**C.     Certificate of Appealability**

Judge Christel recommends that the Court deny a certificate of appealability. Dkt. 42 at 55. Eggleston objects with the conclusory statement that he has met his burden. Dkt. 44 at 20. The Court disagrees with Eggleston because he has failed to establish that any claim sets forth a substantial showing of the denial of a constitutional right.

Therefore, the Court having considered the R&R, Eggleston's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     Eggleston's petition is **DENIED** as set forth in the R&R;

(3)     Eggleston is **DENIED** a Certificate of Appealability; and

(4)     The Clerk shall enter a JUDGMENT and close the case.

Dated this 22nd day of February, 2019.

BENJAMIN H. SETTLE
United States District Judge